**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| FERNANDO OMAR OLGUIN SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER S. BULLOCK, *ICE Field Office Director of the New Orleans Field Office*;<br>DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;<br>MARKWAYNE MULLIN, *Secretary of Homeland Security*; and<br>TODD BLANCHE, *Acting U.S. Attorney General*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: |

**ORDER TO SHOW CAUSE, EXPEDITED RETURN, AND TEMPORARY RESTRAINING ORDER**

Pending before the Court is Petitioner's Emergency Motion and Incorporated Memorandum of Law for Order to Show Cause, Expedited Return, and Temporary Restraining Order.

The Verified Petition alleges that Petitioner was apprehended by ICE officers on November 19, 2026, while traveling as a passenger in a vehicle in the Clarksville, Tennessee area; that Petitioner was lawfully admitted to the United States on May 19, 2026, in H-2A nonimmigrant status; that counsel has been unable to communicate with Petitioner or confirm his present detention location or immediate custodian; and that the ICE Online Detainee Locator System identifies Petitioner as being in ICE custody but directs inquiries concerning his detention facility to "Call ICE for Details." The Petition

challenges the legal basis for his detention, including any classification under 8 U.S.C. § 1225(b)(2)(A). The Petition presents a substantial question concerning the statutory authority for Petitioner's detention under 8 U.S.C. §§ 1225 and 1226, particularly in light of Petitioner's documented admission in H-2A status and the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Court finds that expedited review is warranted under 28 U.S.C. § 2243.

Accordingly, the Emergency Motion is **GRANTED** to the extent stated below.

Respondents are **ORDERED**, within three business days after entry of this Order, to **SHOW CAUSE** why the Petition and the relief requested therein should not be granted. The return shall identify Petitioner’s present physical location and immediate custodian, identify any transfer occurring after the Petition was filed, and certify the factual and legal basis for his present detention.

If Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), the return shall address *Lopez-Campos*. If Respondents rely upon 8 U.S.C. § 1226(c) or any other mandatory-detention provision, they shall identify the provision and the factual basis for its application.

Respondents shall file with the return the material custody records upon which they rely, including any Form I-200, Form I-213, Form I-286 or other custody determination, Notice to Appear, and any operative transfer or removal directive.

Pending further order of the Court, Respondents and all persons acting in concert with them who receive actual notice of this Order are **TEMPORARILY RESTRAINED** from transferring Petitioner outside the Middle District of Tennessee if he presently is

confined within this District, or outside Tennessee if he already has been transferred elsewhere within the State. If Petitioner already has been transferred outside Tennessee, Respondents shall promptly disclose his present location and shall not transfer him to another state or jurisdiction, except to return him to the Middle District of Tennessee. Respondents shall not remove Petitioner from the United States absent further order of this Court.

Respondents shall promptly communicate these restraints to the personnel responsible for Petitioner's custody and transportation.

Petitioner may file a traverse within three business days after service of Respondents' return.

No security is required under Federal Rule of Civil Procedure 65(c).

The temporary restraints imposed by this Order shall expire fourteen days after entry unless extended for good cause, extended by consent, or superseded by further order of the Court.

It is so **ORDERED**.

**UNITED STATES DISTRICT JUDGE**